IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFRY BUTLER<br>2890 Stavors Road<br>Waldorf, MD 20603<br><br>and<br><br>CHARLES N. DORSEY<br>13206 Suntum Court<br>Accokeek, MD 20607<br><br>Individually, and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>DIRECTSAT USA, LLC<br>2711 Centerville Road, Suite 400<br>Wilmington, DE  19808<br><br>and<br><br>UNITEK USA, LLC<br>1777 Sentry Parkway, Suite 302<br>Blue Bell, PA  19422<br><br>and<br><br>UNITEK GLOBAL SERVICES, INC.<br>1777 Sentry Parkway, Suite 302<br>Blue Bell, PA  19422<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiffs Jeffrey Butler and Charles N. Dorsey, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, file this

Complaint against DIRECTSAT USA, LLC, UNITEK USA, LLC, and UNITEK GLOBAL SERVICES INC., ("Defendants"), and state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"); the Maryland Wage and Hour Law, Md. Code Ann., Labor & Employment Article, § 3-401, *et seq.* ("MWHL"); the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq.* ("MWPCL"); and the District of Columbia Minimum Wage Law, D.C. Code § 32-1001 *et seq.*, for Defendants' failure to pay Plaintiffs, and other similarly-situated persons, all earned overtime wages, and failure to compensate Plaintiffs and other similarly-situated persons for all time worked.

2.      Plaintiffs are individuals who were employed or are currently employed by Defendants as service technicians, production technicians, or other similarly titled positions, during the statutory period. Plaintiffs all shared similar job titles, compensation plans, job descriptions, and job requirements.

3.      Defendants operated satellite television installation and repair services within this judicial district. Defendants managed Plaintiffs' work, including the amount of hours worked by their technicians. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

4.      Plaintiffs were classified by Defendants as non-exempt under federal and state wage and hour laws and paid an hourly rate. The amount of Plaintiffs' hourly rate varied and was contingent on the amount of jobs completed by each technician on a weekly basis.

5. Defendants provided Plaintiffs with work orders on a daily basis. Plaintiffs traveled to customers' homes to install or service satellites and complete their work orders. At the close of each job, Plaintiffs were required to call dispatch and inform them that the job had been completed.

6. Defendants suffered and permitted Plaintiffs to regularly work more than 40 hours per week without proper overtime compensation. Plaintiffs routinely worked in excess of eight hours per day, six or seven days per week, driving to customers' homes, completing installations and service jobs and performing additional work.

7. Defendants provided Plaintiffs with handwritten time sheets that they were to complete each week. However, Defendants trained and directed their technicians to record less time than they actually worked. Upon information and belief, the actual time worked by technicians completing work orders can be identified via call logs, GPS data, other records maintained by Defendants and Plaintiffs' testimony.

8. Defendants also encouraged Plaintiffs to begin work before the start of their route, and continue to perform work after completing their last work order, thereby requiring them to work unpaid time. Plaintiffs worked without pay, receiving work orders at their homes, mapping out directions for their jobs, receiving calls from dispatch, preparing satellite dishes, loading satellites and other equipment into their vehicles, unloading the same materials from their vehicles at the end of each day, participating in periodic inventories of their equipment, maintaining their company vehicles, completing paperwork regarding completed work orders, and attending weekly meetings, amongst other things.

9. Defendants failed to accurately record actual hours worked by their technicians. Rather, Defendants willfully encouraged their technicians to perform tasks and work additional time, including overtime, while off-the-clock.

10. Defendants knew and were aware at all times that their production technicians routinely worked more than 40 hours per week. Nonetheless, Defendants failed to properly pay their production technicians for all overtime hours actually worked.

11. Defendants' practices violated the provisions of the FLSA and Maryland and District of Columbia wage and hour laws. As a result of Defendants' unlawful practice, the Defendants benefited from reduced labor and payroll costs.

12. Plaintiffs were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of federal and state wage and hour laws, Plaintiffs suffered lost wage and other damages.

13. Plaintiffs bring their FLSA overtime claims as a collective action pursuant to 29 U.S.C. §216(b).

14. Plaintiffs bring their state overtime claims and state unpaid wage claims as a class action pursuant to Fed.R.Civ.P. 23.

**THE PARTIES**

15. Representative Plaintiff Jeffrey Butler worked as an hourly paid, non-exempt service technician for Defendants in Maryland, the District of Columbia and Virginia, during the applicable statute of limitations period. Plaintiff resides in and is domiciled within this judicial district.

16. Representative Plaintiff Charles N. Dorsey worked as an hourly paid, non-exempt service technician for Defendants in Maryland during the applicable statute of limitations period. Plaintiff resides in and is domiciled within this judicial district.

17. Each Representative Plaintiff was employed by Defendants as an "employee," as that term is defined by Section 203 of the FLSA, and as that term is defined and interpreted pursuant to Md. Code Ann., Labor & Employ. Art., §3-101*et seq*, §3-401*et seq.*, and §3-501*et seq.*, and the District of Columbia Minimum Wage Law, D.C. Code § 32-1001 *et seq.*

18. At all relevant times, Defendants were Plaintiffs' "employer" as that term is defined by Md. Code Ann., Labor & Employ. Art., §3-401(c), and §3-501(b), the District of Columbia Minimum Wage Law, D.C. Code § 32-1001(3), and Section 203 of the FLSA.

19. Defendant, DirectSat USA, LLC ("DirectSat"), is a LLC with places of business in Maryland, Virginia and the District of Columbia, and headquartered in King of Prussia, Pennsylvania. Defendant DirectSat is in the business of installing and servicing satellite dishes throughout the states of Maryland, Virginia, and the District of Columbia. Defendants' technicians service customers located throughout the states of Maryland, Virginia and the District of Columbia.

20. Defendant, Unitek USA, LLC ("Unitek"), is a LLC with places of business in Maryland, Virginia and the District of Columbia, and headquartered in Blue Bell, Pennsylvania. Defendant Unitek is in the business of installing and servicing satellite dishes throughout the states of Maryland, Virginia, and the District of Columbia.

5

Defendants' technicians service customers located throughout the states of Maryland, Virginia, and the District of Columbia.

21. Defendant, UNITEK GLOBAL SERVICES, INC ("UGS"), is a Corporation with places of business in Maryland, Virginia and the District of Columbia and headquartered in Blue Bell, Pennsylvania. Defendant UGS is in the business of installing and servicing satellite dishes throughout the states of Maryland, Virginia, and the District of Columbia. Defendants' technicians service customers located throughout the states of Maryland, Virginia and the District of Columbia.

## JURISDICTION AND VENUE

22. This Court has original jurisdiction over Plaintiffs' FLSA claims in this action under 28 U.S.C. § 1331.

23. This Court has original jurisdiction over all class claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and in the alternative, supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367. This is a class action in which: (1) there are 100 or more putative members in Plaintiffs' proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs and similarly-situated persons are current and former satellite technicians who were employed by one or more of the Defendants and not properly paid for all their time worked.

25. Plaintiffs and other employees are similarly situated to one another and shared similar duties, timekeeping, and compensation. Plaintiffs were all subjected to Defendants' common schemes to deprive them of pay for all time worked. Other federal courts have concluded that Plaintiffs and other technicians are similarly situated under the FLSA. (*See* Exhibit A – Order granting conditional certification pursuant to Section 216(b) of the FLSA in *Espenscheid v. DirectSat USA et al*). *See* Exhibit B - Order granting conditional certification pursuant to Section 216(b) of the FLSA in *Farmer et al. v. DirectSat et al.*).

26. With respect to Plaintiffs' FLSA claim, Plaintiffs seek to represent a collective class that is comprised of and defined as:

> All persons who have been employed or are currently employed in Maryland, Virginia or the District of Columbia by one or more of the Defendants, their subsidiaries or affiliated companies, as service technicians or other similarly titled positions, during the applicable statute of limitations period (herein the "FLSA Class").

27. With respect to Plaintiffs' MWHL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who have been employed or are currently employed in Maryland by one or more of the Defendants their subsidiaries or affiliated companies, as service technicians or other similarly titled positions, during the applicable statute of limitations period (herein the "MWHL Class").

28. With respect to Plaintiffs' MWPCL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who have been employed or are currently employed in Maryland by one or more of the Defendants their subsidiaries or affiliated companies, as service technicians or other similarly titled positions, during the applicable statute of limitations period (herein the "MWPCL Class").

29. With respect to Plaintiffs' District of Columbia claims, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who have been employed or are currently employed in the District of Columbia by one or more of the Defendants, their subsidiaries or affiliated companies, as service technicians or other similarly titled positions, during the applicable statute of limitations period (herein the "D.C. Class").

30. This action is being brought as a collective action under the FLSA, 29 U.S.C. § 216(b), because Plaintiffs are similarly situated in that they all: (A) had similar duties; (B) performed similar tasks; (C) were subjected to the same requirements under the FLSA to be paid overtime wages unless specifically exempted thereunder; (D) were subjected to similar pay plans; (E) were required to work and did work in excess of forty hours per week; and, (F) were not paid at a rate of one and one-half times their respective regular rates of pay for all such overtime hours worked.

31. This action is also being brought as a class action under Fed. R. Civ. P. 23, because the state Classes are so numerous that joinder of all class members is impracticable.

32. The Representative Plaintiffs and the members of the State Classes have been equally affected by Defendants' practice of not properly compensating employees for all overtime worked.

33. The Representative Plaintiffs and the members of the State Classes have been equally affected by Defendants' failure to pay all earned wages to its employees.

34. Furthermore, members of the State Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

35. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist, if any, between members of the Classes.

36. The Representative Plaintiffs, the members of the State Classes, and Defendants have a commonality of interest in the subject matter and the remedy sought.

37. The Representative Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the State Classes. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

38. If individual actions were required to be brought by each member of the classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the State Classes, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

39. The books and records of Defendant are material to Plaintiffs' case as they disclose the hours alleged to have been worked by members of the State Classes and the amounts they were paid for that work.

40. Plaintiffs have retained counsel experienced in complex employment litigation and in class action litigation.

41. Plaintiffs and their counsel will fairly and adequately protect the interest of both classes.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

42. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

43. Plaintiffs assert claims for unpaid overtime pursuant to the FLSA.

44. At all times relevant hereto, Defendants were an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. §203 (s).

45. At all times relevant hereto, Defendants were an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. §203(d).

46. At all times relevant hereto, each Individual Plaintiff was an "employee" as defined by Section 3(e) of the FLSA. 29 U.S.C. §203(e).

47. Plaintiffs were not paid for all hours worked in excess of 40 hours in a workweek during the limitations period in violation of the maximum hours provisions of the FLSA. 29 U.S.C. §207(a).

48. At all times relevant hereto Defendants' failure to pay Plaintiffs one and one-half their regular rate for all hours worked over 40 hours in a workweek was willful in that, among other things:

   a. Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week.

   b. Defendants failed to maintain true and accurate time records.

   c. Defendants encouraged plaintiffs to not record all hours worked.

49. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to section 16(b) of the FLSA. Alternatively, should the Court find Defendants have not acted willfully in failing to pay minimum wage and overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50. Accordingly, Plaintiffs are due unpaid overtime wages and liquidated damages, pursuant to 29 U.S.C. §216.

## COUNT II
### Violation of the Maryland Wage and Hour Law
### (Class Action)

51. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

52. This Court has original jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1332(d), and in the alternative, supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

53. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Maryland Wage and Hour. Md. Code Ann., Labor & Employment Article, § 3-401, *et seq.* Plaintiffs bring this action on their own behalf and on behalf of the MWHL Class pursuant to Md. Code Ann., Labor & Employment Article, § 3-427.

54. Pursuant to Md. Code Ann., Labor & Employment Article, §§ 3-415 and 420, for all weeks during which Plaintiffs and the MWHL Class worked in excess of 40 hours, Plaintiffs and the MWHL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

55. Defendants did not pay Plaintiffs and the MWHL Class one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

56. Defendants violated the Maryland Wage and Hour Law by failing to compensate Plaintiffs and the MWHL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

57. Pursuant to Md. Code Ann., Labor & Employment Article, § 3-427, Plaintiffs and the MWHL Class are entitled to recover the difference between the wage paid to the employee and the wage required under the statute, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs and the MWHL Class pray for judgment against Defendants as follows:

A. Judgment in the amount of the difference between the wage paid to the employee and the wage required under the statute;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

### COUNT III
**Violation of the Maryland Wage Payment and Collection Law**
**(Class Action)**

58. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

59. This count arises under the MWPCL, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq.*, for Defendants' failure and refusal to pay Plaintiffs, and the MWPCL Class they represent, all their wages earned, including incentive payments, at the rates agreed to by the parties.

60. During the course of their employment with Defendants, Plaintiffs were not compensated for all time worked in certain workweeks.

61. Other similarly-situated employees were not compensated for all time worked in certain work weeks.

62. Plaintiffs and the MWPCL Class were entitled to be compensated for all time they worked at the rate agreed to by the parties.

63. Defendants' failure to pay Plaintiffs and the MWPCL Class members for all earned wages, including incentive payments, at the rates agreed to by the parties, violated the MWPCL.

64. Plaintiffs represent certain current and former employees of Defendants who have not been paid for all their earned wages, including incentive payments, at the rates agreed to by the parties, in the past three years, through and including the present.

65. The wages withheld from Plaintiffs were not withheld as a result of a bona fide dispute.

WHEREFORE, Plaintiffs and the MWPCL Class pray for judgment against Defendants as follows:

   A. Judgment in the amount of all back wages due, as provided by the Maryland Wage Payment and Collection Act, pursuant to Md. Code Ann., Labor & Employment Article, § 3-507.1(a);

   B. Judgment in the amount of an additional three times the amount of wages due, as provided by the Maryland Wage Payment and Collection Act, Md. Code Ann., Labor & Employment Article, § 3-507.1(b);

   C. Reasonable attorney's fees and costs incurred in filing this action;

   D. Prejudgment interest at 6% per annum on the back wages in accordance with the MD Const. Art III, § 57;

   E. An injunction precluding Defendants from violating the Maryland Wage

Payment and Collection Act, Md. Code Ann., Labor & Employment Article, §3-501, *et seq.*; and,

F. Such other and further relief as the Court deems appropriate and just.

## COUNT IV
### Violation of the District of Columbia Minimum Wage Law
### (Class Action)

66. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

67. This Court has original jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1332(d) and in the alternative, supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

68. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the District of Columbia Minimum Wage Law, D.C. Code § 32-1001 *et seq.*

69. Pursuant to D.C. Code § 32-1003(c), for all weeks during which Plaintiffs and the D.C. Class worked in excess of 40 hours, Plaintiffs and the D.C. Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

70. Defendants did not pay Plaintiffs and the D.C. Class one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

71. Defendants violated the District of Columbia Minimum Wage Law by failing to compensate Plaintiffs and the D.C. Class at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

72. Pursuant to D.C. Code §32-1012, Plaintiffs and the D.C. Class are entitled to recover unpaid overtime wages, liquidated damages on those unpaid overtime wages, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs and the D.C. Class pray for judgment against Defendants as follows:

   A.   Judgment in the amount of unpaid overtime wages, pursuant to D.C. Code §32-1012(a);

   B.   Liquidated damages in an amount equal to the amount of unpaid overtime wages, pursuant to D.C. Code §32-1012(a);

   C.   Reasonable attorney's fees and costs, pursuant to D.C. Code §32-1012(c);

   D.   An injunction precluding Defendants from violating the D.C. Minimum Wage Act, pursuant to D.C. Code §32-1001, *et seq.*; and,

   E.   Such other relief as the Court deems appropriate and just.

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative, Plaintiffs Jeffrey Butler and Charles N. Dorsey, individually and on behalf of all others similarly situated, by and through their attorney, demand judgment against the Defendants for a sum that will properly, adequately and completely compensate Plaintiffs and the Classes for the nature, extent and duration of their damages, the costs of this action and further request the Court:

   A.   Certify the State classes for Counts II through IV;

   B.   Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all hourly, non-exempt technicians employed by one or more of the Defendants within the last (3) years;

   C.   Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former hourly, non-exempt technicians employed by one or more of the Defendants during the three years immediately preceding this action, informing them that this action has been filed, of the nature of the

  action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

D. Declare and find that the Defendants committed one or more of the following acts:

  i. Violated provisions of the FLSA with respect to Plaintiffs and similarly-situated employees who opt-in to this action;

  ii. Willfully violated provisions of the FLSA with respect to Plaintiffs and similarly-situated employees who opt-in to this action;

E. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

F. Award liquidated damages on all wages and overtime compensation due to Plaintiffs under Count I brought under the FLSA;

G. Award all costs and reasonable attorney's fees incurred prosecuting this claim;

H. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

I. Grant leave to add additional Plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and,

J. For such further relief as the Court deems just and equitable.

Respectfully submitted,
ANDALMAN & FLYNN

\_\_\_\_\_/s/\_\_ _____
Daniel A. Katz, Bar No. 13026
8601 Georgia Avenue, Suite 604
Silver Spring, MD 20910
(301) 563-6685
(301) 563-6681 (fax)
dkatz@a-f.net

JAC A. COTIGUALA & ASSOCIATES
Jac A. Cotiguala
Brian D. Massatt
431 South Dearborn Street, Suite 606
Chicago, IL  60605
Telephone:  312-939-2100
jacacotiguala@hotmail.com

STEPHAN ZOURAS, LLP
James B. Zouras
Ryan F. Stephan
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois  60601
312-233-1550
312-233-1560 (fax)
lawyers@stephanzouras.com

**Attorneys for the Plaintiffs**