IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFRY BUTLER, et al. :

 :

 v. : Civil Action No. DKC 10-2747

 :

DIRECTSAT USA, LLC, et al. :

 :

**MEMORANDUM OPINION**

Presently pending and ready for review in this Fair Labor Standards Act case is the motion to dismiss filed by Defendants DirectSat USA, LLC, UniTek USA, LLC, and UniTek Global Services, Inc. (ECF No. 19). The issues are fully briefed and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the reasons that follow, Defendants' motion will be granted in part and denied in part.

**I. Background**

Plaintiffs Jeffry Butler and Charles N. Dorsey bring this lawsuit, on behalf of themselves and others who were employed or are currently employed by Defendants as service technicians, production technicians, or similar positions, alleging that Defendants failed to pay overtime wages. (ECF No. 1 ¶ 2). In their complaint, Plaintiffs allege the following. Defendants DirectSat USA, LLC, UniTek USA LLC, and UniTek Global Services, Inc. are businesses headquartered or incorporated in Pennsylvania that install and service satellite dishes

throughout Maryland, Virginia, and the District of Columbia. (*Id.* ¶¶ 19-21).

Plaintiffs were classified by Defendants as non-exempt under federal and state wage and hour laws and paid an hourly rate. The actual rate Plaintiffs were paid varied and was contingent on the number of jobs completed by each technician on a weekly basis. Plaintiffs allege that they were permitted, and routinely required, to work in excess of forty hours per week without overtime compensation. (*Id.* ¶¶ 5-6). Plaintiffs state that Defendants trained and directed them to record less time than they actually worked on their handwritten time sheets. (*Id.* ¶ 7). In addition, Plaintiffs worked without pay when "receiving work orders at their homes, mapping out directions for their jobs, receiving calls from dispatch, preparing satellite dishes, loading satellites and other equipment into their vehicles, unloading the same materials from their vehicles at the end of each day, participating in periodic inventories of their equipment, maintaining their company vehicles, completing paperwork regarding completed work orders, and attending weekly meetings, amongst other things." (*Id.* ¶ 8). Plaintiff Jeffry Butler worked as an hourly-paid, non-exempt technician for Defendants in Maryland, Virginia, and the District of Columbia; Plaintiff Charles Dorsey worked as an hourly-paid, non-exempt service technician for Defendants in Maryland. (*Id.* ¶¶ 15-16).

Plaintiffs filed their complaint on October 4, 2010. In it they seek to bring a Fair Labor Standards Act ("FLSA") overtime claim as a collective action pursuant to 29 U.S.C. § 216(b) and state overtime and unpaid wage claims as class actions pursuant to Fed.R.Civ.P. 23. (*Id.* ¶¶ 13-14). In count I of the complaint, Plaintiffs allege that they were not paid for all hours worked in excess of forty hours in a workweek in violation of the maximum hours provision of FLSA, 29 U.S.C. § 207(a). (*Id.* ¶¶ 42-50). In count II, Plaintiffs allege violations of the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, *et seq.* ("MWHL"). In count III, Plaintiffs allege violations of the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, *et seq.* ("MWPCL"). Finally, in count IV Plaintiffs allege violations of the District of Columbia Minimum Wage Law, D.C. Code § 32-1001, *et seq.*

On December 17, 2010, Defendants moved to dismiss the complaint. (ECF No. 19). Defendants contend that Plaintiff Jeffry Butler's claims must be dismissed pursuant to the first to file rule because he has already opted-in to a collective action pending in the Western District of Wisconsin that raises the same claims against Defendants. Defendants also argue that the FLSA claims are inadequately pled, and the state law claims are preempted and cannot be pursued in a Rule 23 class action simultaneously with a FLSA collective action pursuant to 29 U.S.C. § 216(b).

3

## II. Representative Plaintiff Jeffry Butler

Defendants first move to dismiss claims by Plaintiff Jeffry Butler pursuant to the first-to-file rule. Prior to initiating this suit, he opted-in to a collective action pending in the Western District of Wisconsin that raises similar claims. (ECF No. 19-1, at 12-13). In response, Plaintiffs attached a copy of the certificate of service Jeffry Butler's voluntary opt-out from the Wisconsin case (ECF No. 24-3) and argue that Butler has now elected to proceed locally with his FLSA and state law claims. In their reply, however, Defendants argue that Butler's withdrawal was ineffective because he did not obtain court approval as required by Fed.R.Civ.P. 41(a). The case in Wisconsin has now been decertified and the claims of all opt-in plaintiffs were dismissed without prejudice. (ECF No. 27-1).

The first-to-file rule refers to the doctrine that when the same party or parties have filed similar litigation in separate federal fora, the matter that was filed first should proceed, and the later-filed action should be stayed, transferred, or enjoined. *See, e.g., Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp.2d 357, 360 (W.D.N.C. 2003) (citing *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D.Cal. 1998); *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 131-32 (S.D.N.Y. 1994); *Hop-In Food Stores, Inc. v. S & D Coffee, Inc.*,

642 F.Supp. 1106, 1107 (W.D.Va. 1986); *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 626 (D.C.Cir. 1975)). In deciding whether to apply the first-to-file rule, courts consider the chronology of filing, the similarity of the parties involved, and the similarity of the issues at stake. *Id.; Neuralstem, Inc. v. StemCells, Inc.*, 573 F.Supp.2d 888, 900 (D.Md. 2008) (noting that first-to-file rule should not be disregarded lightly).

Here there is no dispute that the Western District of Wisconsin action was filed first or that Jeffry Butler had opted-in to that action prior to commencing this lawsuit. (*See* ECF No. 19-2, Jeffry Butler's Consent to Join Collective Action signed July 28, 2010). The Defendants are the same in both cases, and Jeffry Butler is a plaintiff in both cases.[1] There is also substantial overlap in the claims. In both cases, Defendants' service technicians are seeking overtimes wages pursuant to FLSA for the same categories of activities. (*Compare* ECF No. 1 *with Espenscheid v. DirectSat USA, LLC*, No. 3:09-cv-00625-bbc, ECF No. 1 (W.D.Wis. filed October 13, 2009)). Despite these facts, Butler argues that the court should not

_____

[1] Plaintiffs reference the Western District of Wisconsin case in their complaint but failed to attach it as an exhibit. (*See* ECF No. 1 ¶ 25; ECF No. 24 n. 5 (stating that "Plaintiffs inadvertently failed to attach the opinions as exhibits to their complaint and plan to rectify that omission in a future pleading)). Nevertheless, the court may take judicial notice of court records.

apply the first-to-file rule because this forum is more convenient for all parties and because dismissing one plaintiff will not relieve this court from its obligation to adjudicate the FLSA and state law claims of the other Plaintiffs. (ECF No. 24, at 19). Butler also notes that he has voluntarily opted-out of the Wisconsin case and is electing to proceed with his claims only in this court. (*Id.* at 20).

If Jeffry Butler is no longer a plaintiff in the Wisconsin case, the first-to-file rule is not inapplicable. Defendants point out, however, that Butler could not withdraw from the Wisconsin case without court approval and he has not yet obtained that approval. (ECF No. 25, at 2-5). Opt-in plaintiffs are considered party plaintiffs with the same status as the named plaintiffs, *see Pricket v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003), and as a result Defendants maintain that Butler must comply with Fed.R.Civ.P. 41 in order to dismiss his claims in the Wisconsin case. In particular, Defendants contend that because an answer had been filed in the Wisconsin case and all parties did not submit a joint stipulation for Butler's dismissal, Butler could not opt-out without a court order. *See* Fed.R.Civ.P. 41(a)(1)(A).

Defendants' argument had merit at the time it was filed. Subsequently the Wisconsin class was decertified and all opt-in plaintiffs, including Jeffry Butler, were dismissed without prejudice. The first to file rule no longer operates to

preclude Butler from participating in this case and he will not be dismissed. In addition, count IV alleging claims under the District of Columbia Minimum Wage Law will not be dismissed on the basis that no representative plaintiff could state such a claim.

## III. Failure to State a Claim

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S.

266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## B. FLSA claims

Defendants argue that Plaintiffs' complaint fails to state a claim under FLSA because they fail to meet the pleading standards set forth in *Iqbal* and *Twombly*. Specifically, Defendants maintain that because Plaintiffs fail to allege any facts concerning the number of hours worked in a given week in

excess of forty, their complaint is insufficient to state a claim for overtime compensation. (ECF No. 19-1, at 17-18). Plaintiffs disagree and maintain that their "factual assertions stretch far beyond the basic level necessary." (ECF No. 24, at 5).

To assert a claim for overtime compensation pursuant to 29 U.S.C. § 207, "a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Hawkins v. Proctor Auto Serv. Ctr.*, No. RWT-09-1908, 2010 WL 1346416 *1 (D.Md. Mar. 30, 2010) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)).[2] In the wake of the *Iqbal* and *Twombly* decisions, courts across the country have expressed differing views as to the level of factual detail necessary to plead a claim for overtime compensation under FLSA. Many courts have held, as Defendants argue, that a plaintiff should at a minimum allege approximately the number of hours worked for which overtime wages were not received. *See Anderson v. Blockbuster, Inc.*, No. 10-158, 2010 WL 1797249 *2-3 (E.D.Cal. May 4, 2010) (conclusory allegations that plaintiffs consistently worked in excess of forty hours a

---

[2] The analogous provisions of the MWHL are Md. Code Ann., Lab. & Empl. §§ 3-415 and 3-420. The analogous provisions of the D.C. Minimum Wage Law are D.C. Code §§ 32-1003(c) and 32-1012.

week insufficient); *Solis v. Time Warner Cable San Antonio, L.P.*, CA No. 10-231, 2010 WL 2756800 (W.D.Tex. July 13, 2010) (denying motion to dismiss where plaintiffs alleged approximate number of overtime hours worked per week); *Villegas v. J.P Morgan Chase & Co.*, CA No. 09-261, 2009 WL 605833 *4-5 (N.D.Cal. Mar. 9, 2009) (allegation that plaintiff "worked more than 40 hours in a work-week and more than 8 hours in a work day, thus entitling her to overtime pay" was insufficient); *Jones v. Casey's Gen. Stores*, 538 F.Supp.2d 1094, 1102 (S.D.Iowa 2008) (complaint alleging that assistant managers were not paid overtime, that the defendant "regularly and repeatedly" failed to pay plaintiff for all hours actually worked, and that the defendant failed to keep accurate time records to avoid paying plaintiffs overtime wages was "implausible on its face"); *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966 *8 (W.D.Pa. Nov. 9, 2010) (plaintiffs' claim insufficient where they failed to even "estimate the time period in which they worked without proper overtime compensation"). On the other hand, many courts have found the basic allegation that plaintiff worked overtime more than forty hours in a week and did not receive overtime compensation to be sufficient, including another judge in this district. *See Hawkins*, 2010 WL 1346416 at *1); *Uribe v. Mainland Nursery, Inc.*, CA No. 07-0229, 2007 WL 4356609 *3 (E.D.Cal. Dec. 11, 2007) (plaintiffs who alleged they were non-exempt employees who had not been compensated at the appropriate

overtime rates had satisfied *Twombly*); *Xavier v. Belfor USA Group, Inc.*, CA No. 06-491 et al., 2009 WL 411559 *5 (E.D.La. Feb. 13, 2009) (plaintiffs' allegations they routinely worked more than forty hours per week, were not paid overtime compensation, and were covered employees were sufficient to state a claim); *Qureshi v. Panjwani*, No. 08-3154, 2009 WL 1631798 *3 (S.D.Tex. Jun. 9, 2009) (plaintiffs' allegations that "they were required to work in excess of a forty-hour week without overtime compensation, and that they were employed by the defendants" were sufficient to state a claim under the FLSA); *see also Pruell v. Caritas Christi*, CA No. 09-11466, 2010 WL 3789318 *3 (D.Mass. Sept. 27, 2010) (recognizing differing approaches and noting that court need not decide whether more stringent pleading was required because plaintiffs had not alleged they worked more than forty hours a week).

The more lenient approach is appropriate here. There would be little benefit to dismissing this claim and requiring Plaintiffs to amend to provide an estimate of the number of the overtime hours worked. The existing complaint details the types of work activities that occupied Plaintiffs' alleged overtime hours and provides Defendants with sufficient notice of the basis of the allegations to form a response. Thus, Plaintiffs have stated a plausible claim for their entitlement to overtime wages. While Defendants might appreciate having Plaintiffs' estimate of the overtime hours worked at this stage of the

litigation, it would be subject to change during discovery and if/when the size of the collective action grows and thus of limited value. Accordingly, Plaintiffs have stated a claim for violation of FLSA's overtime provision and the overtime provisions of the MWHL and the DCMWL.

Defendants also argue that Plaintiffs have not alleged sufficient facts to support their willfulness allegations. (ECF No. 19-1, at 22). Although not explicit in Defendants' motion, the import of this argument is that FLSA extends the statute of limitations for overtime compensation claims from two years to three years for willful violations of the Act. 29 U.S.C. § 255(a); *see also Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351 (4th Cir. 2011). To establish willfulness, the plaintiff must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Defendants argue that Plaintiffs' willfulness allegations consist only of conclusory allegations and legal conclusions and therefore are insufficient under *Iqbal* and *Twombly*. (ECF No. 19-1, at 22-23).

Here, in addition to the Plaintiffs' allegation that Defendants' conduct was willful in paragraphs 47, 50, and 53 of the complaint, Plaintiffs also alleged facts in support of this allegation. Specifically, Plaintiffs alleged that "Defendants trained and directed their technicians to record less time than

they actually worked" (ECF No. 1 ¶ 7), "require[d] them to work unpaid time" (*id.* ¶ 8), and "willfully encouraged their technicians to perform tasks and work additional time, including overtime, while off-the-clock." (*Id.* ¶ 9). Assuming the truth of these allegations, Plaintiffs have stated a claim for willful violation of FLSA's overtime provisions.

### C. Maryland Wage Payment and Collection Law Claim

Defendants argue that the MWPCL count should be dismissed because the MWPCL only applies to claims that focus on the manner and timing of wage payment and does not apply to suits that focus on the underlying entitlement to overtime wages. (ECF No. 19-1, at 20). Defendants contend that the proper avenue for asserting entitlement to overtime wages under Maryland law is the Maryland Wage and Hour law, uniformly recognized as the state law counterpart to the FLSA. (*Id.*). In support, Defendants cite to several prior cases from this district recognizing the distinction between the MWHL and the MWPCL, most notably *McLaughlin v. Murphy*, 372 F.Supp.2d 465, 474-75 (D.Md. 2004), where Judge Blake explained that MWPCL claims are limited to actions challenging the timing or mechanisms of wage payment and not actions seeking to establish entitlement to payment. (ECF No. 19-1, at 20-21).

Plaintiffs argue in response that courts in this district have permitted MWPCL claims for unpaid overtime wages to proceed along side FLSA and MWHL claims, citing *Hoffman v. First*

*Student, Inc.*, 2009 WL 1783536 at \*9-10 (D.Md. June 23, 2009). (ECF No. 24, at 9-10). In addition, Plaintiffs maintain that any prior lack of clarity regarding whether this type of claim could proceed pursuant to the MWPCL was eliminated with an amendment during the 2009-2010 legislative session making explicit that unpaid overtime wages were included in the MWPCL's definition of wages. (*Id.* at 10-11 (citing Md. Code Ann. Lab. & Empl. § 3-501(c)(iv)).

The MWPCL provides for treble damages for violations of § 3-502[3] or § 3-505.[4] Section 3-502 addresses the timing of wage

---

[3] Md. Code. Ann., Lab.& Empl. § 3-502 provides:

(a)(1) Each employer:

(i) shall set regular pay periods; and

(ii) except as provided in paragraph (2) of this subsection, shall pay each employee at least once in every 2 weeks or twice in each month.

(2) An employer may pay an administrative, executive, or professional employee less frequently than required under paragraph (1)(ii) of this subsection.

(b) If the regular payday of an employee is a nonworkday, an employer shall pay the employee on the preceding workday.

(c) Each employer shall pay a wage:

(1) in United States currency; or

(2) by a check that, on demand, is convertible at face value into United States currency.

(d)(1) In this subsection, "employer" includes a governmental unit.

(2) An employer may not print or cause to be printed an employee's Social Security number on the employee's wage payment check, an attachment to an employee's wage payment check, a notice of direct deposit of an employee's wage, or a notice of credit of an employee's wage to a debit card or card account.

(e) This section does not prohibit the:

(1) direct deposit of the wage of an employee into a personal bank account of the employee in accordance with an authorization of the employee; or

(2) credit of the wage of an employee to a debit card or card account from which the employee is able to access the funds through withdrawal, purchase, or transfer if:

(i) authorized by the employee; and

(ii) any fees applicable to the debit card or card account are disclosed to the employee in writing in at least 12 point font.

[4] § 3-505 provides:

Payment on cessation of employment:
(a) Except as provided in subsection (b) of this section, each employer shall pay an employee or the authorized representative of an employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.

(b) An employer is not required to pay accrued leave to an employee if:

payments and Section 3-505 addresses the payment of wages upon termination of employment. The MWPCL does not specifically address payment of overtime wages or provide a cause of action directed at employer's failure to pay overtime. For these actions, plaintiffs must look to the MWHL, Md. Code Ann., Lab. & Empl. §§ 3-415 and 3-420. Accordingly, other judges in this district have rejected plaintiffs' attempts to state claims for violation of the MWPCL where the parties' core dispute is whether plaintiffs were entitled to overtime wages at all and not whether overtime wages were paid on a regular basis or upon termination. *See McLaughlin*, 372 F.Supp.2d at 474-75; *Williams v. Md. Office Relocators*, 485 F.Supp.2d 616, 621-22 (D.Md. 2007); *Tucker v. Sys. Specialist Furniture Installation, Inc.*, No. JFM-07-1357, 2007 WL 2815985 *1 (D.Md. Sept. 26, 2007); *Watkins v. Brown*, 173 F.Supp.2d 409, 416 (D.Md. 2001); *Fisher v. Rite Aid Corp.*, No. 09-1909, 2010 WL 2332101 *2 (D.Md. June 8, 2010).

---

(1) the employer has a written policy that limits the compensation of accrued leave to employees;

(2) the employer notified the employee of the employer's leave benefits in accordance with § 3-504(a)(1) of this subtitle; and

(3) the employee is not entitled to payment for accrued leave at termination under the terms of the employer's written policy.

The focus of Plaintiffs' allegations is that Defendants withheld overtime wages to which they were entitled. Plaintiffs do not allege that Defendants failed to pay them on a regular basis or that they were not paid upon termination. Aside from the vague statement that "Plaintiffs are individuals who were employed or are currently employed by Defendants," (ECF No. 1 ¶ 2), Plaintiffs' complaint does not even reference termination, and there is no allegation that either of the representative Plaintiffs has been terminated. On these facts, Plaintiffs have not stated a claim for violation of the MWPCL. Moreover, these facts are readily distinguishable from the two cases upon which Defendants primarily rely, *Reed v. Code 3 Sec. & Prot. Servs., Inc.*, No. AW-09-1162, 2009 WL 5177283, (D.Md. Dec. 18, 2009) and *Hoffman v. First Student, Inc.*, No. AMD-06-1882, 2009 WL 1783536 (D.Md. June 23, 2009). In *Reed,* the MWPCL claim was expressly limited to those plaintiffs seeking wages withheld upon termination. *Reed*, 2009 WL 5177283 at *4. In *Hoffman*, the plaintiffs' MWPCL claims were not based on defendant's failure to pay overtime wages and the parties did not dispute the plaintiffs' entitlement to compensation for the hours worked. *Hoffman*, 2090 WL 1783536 at *9-10. Instead, the dispute in *Hoffman* was "whether defendant has 'withheld' or 'failed to pay timely' wages due to plaintiffs." *Id.* Here the dispute is whether Plaintiffs are entitled to overtime wages; because that

claim does not fall within the scope of the MWPCL, count III will be dismissed.

## IV. Preemption of State Law Claims

Defendants also argue that Plaintiffs' state law claims are preempted by FLSA and should be dismissed on that basis. (ECF No. 19, at 25-28). Defendants are correct in noting that courts have found some state law claims preempted by FLSA. Where a state statutory regime creates both a right and mechanism for enforcement, however, even if parallel to the rights and remedies established in FLSA, state law claims are not preempted.

As Plaintiffs note, FLSA contains a "saving clause", 29 U.S.C. § 218(a), that permits states or municipalities to enact laws that provide additional protections for employees beyond the minimum requirements established by FLSA. *See, e.g., Pac. Merch. Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1418, 1425 (9th Cir. 1990) ("[T]he purpose behind the FLSA is to establish a national floor under which wage protections cannot drop."). While the Fourth Circuit has not directly addressed the question of whether FLSA preempts state statutory regulation of overtime wages, courts in this district and other circuits have addressed the issue and have held that it does not. *See, e.g., Hoffman v. First Student, Inc.*, No. AMD-06-1882, 2009 WL 1783536 *8-9 (D.Md. June 23, 2009); *Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2[d] Cir.) ("every Circuit that has considered the issue

18

has reached the same conclusion-state overtime wage law is not preempted by . . . the FLSA"), *cert. denied*, 502 U.S. 856 (1991); *Agsalud v. Pony Express Courier Corp.*, 833 F.2d 809 (9th Cir. 1987); *Williams v. W.M.A. Transit Co.*, 472 F.2d 1258 (D.C.Cir. 1972).

The cases relied on by Defendants are distinguishable in that they involved FLSA's preemption of state common law claims, *see Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007) (dismissing North Carolina common law claims as preempted by FLSA); *Petras v. Johnson*, No. 92 Civ. 8298, 1993 WL 228014 *2 (S.D.N.Y. June 22, 1993) (dismissing state common law tort claims for same conduct that constituted FLSA violation); *Nimmons v. RBC Ins. Holdings (USA) Inc.*, No. 6:07-cv-2637, 2007 WL 4571179 (D.S.C. Dec. 27, 2007) (dismissing state common law claims for breach of contract and wrongful retention of overtime pay as preempted by FLSA)[5]; plaintiffs attempting to invoke state law remedies for violation of rights conferred by FLSA, *see Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2008 WL 6566637 *3-4

---

[5] The cases cited in Defendants' footnote 6 are also examples where state common law tort claims were preempted. *See Lopez v. Flight Servs. & Sys. Inc.*, No. 07-6186, 2008 WL 203028, *7 (W.D.N.Y. Jan 23, 2008); *Chen v. St. Beat Sportswear, Inc.*, 364 F.Supp.2d 269, 292-93 (E.D.N.Y. 2005); *Flores v. Albertson's, Inc.*, No. 01-0515, 2003 WL 24216269 *5 (C.D.Cal. Dec. 9, 2003): *Alexander v. Vesta Ins. Grp., Inc.*, 147 F.Supp.2d 1223, 1240-41 (N.D.Ala. 2001); *Tombrello v. USX Corp.*, 763 F.Supp. 541, 545 (N.D.Ala. 1991); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368 *2 (D.N.J. Jan. 6, 2006); *Johnston v. Davis Sec., Inc.*, 217 F.Supp.2d 1224, 1227-28 (D.Utah 2002).

(D.Ariz. 2008) (precluding plaintiff from seeking a remedy under Arizona state law for overtimes wages guaranteed by FLSA but not guaranteed by a parallel Arizona state law provision); or where plaintiffs are attempting to seek double recovery, once under FLSA and again under state law, for the same injury. *See Foman v. Maietta Constr. Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) (holding that because plaintiff received compensation under the FLSA for his claims he could not recover again under Maine law; *Martinez-Hernandez v. Butterball, LLC*, 578 F.Supp.2d 816, 819 (E.D.N.C. 2008) (prohibiting plaintiffs from claiming compensation under state law for violations of FLSA but permitting recovery under state law for violations of state law).[6]

Here the Maryland code provisions both create a right and a means of enforcing that right that provides additional remedies not available under FLSA, such as attorney's fees, interest, costs and "any other relief deemed appropriate by the court." *Hoffman*, 2009 WL 1783536 at *9. While courts have held that state laws cannot enlarge the available remedy for FLSA violations, there is nothing in FLSA preventing states from creating a parallel regulatory scheme that provides additional

_____

[6] One additional case cited by Defendants, *Kendall v. City of Chesapeake, Va*, 174 F.3d 437 (4th Cir. 1999), involved plaintiffs' attempt to use another federal statute, 42 U.S.C. § 1983, to enforce their rights to overtime compensation under FLSA. This ruling has no bearing on the question of FLSA's preemption of state law.

protections for employees. Ultimately Plaintiffs will not be able to recover twice for the same injury, but they may be entitled to the additional types of relief afforded by the MWHL. Accordingly, count II, asserting a claim for violation of the MWHL, will not be dismissed on the basis of federal preemption.

## V.    Class Action Pursuant to Fed.R.Civ.P. 23

Defendants next argue that FLSA's collective action provision, 29 U.S.C. § 216(b), precludes Plaintiffs from raising their state law claims in a class action pursuant to Fed.R.Civ.P. 23. (ECF No. 19, at 29). Defendants argue that the opt-out nature of a Rule 23 class action irreconcilably conflicts with the opt-in requirement for FLSA collective actions and that permitting both causes of action to proceed simultaneously would run directly counter to Congress' intent in enacting § 216(b). (*Id.* at 29-33). Defendants further contend that permitting Plaintiffs to proceed with their state law class action claims would violate the Rules Enabling Act, 28 U.S.C. § 2072(b), because the application of Fed.R.Civ.P. 23 in these circumstances would have the effect of "abridging, enlarging, or modifying a substantive right." (*Id.* at 33).[7]

---

[7] As Defendants note in footnote 9 of their memorandum in support of the motion to dismiss, the District of Columbia Minimum Wage Law provides for an opt-in collective action analogous to those authorized by the FLSA. (ECF No. 19 n.9 (citing D.C. Code § 32-1012)). D.C. Code § 32-1012(b) provides:

Plaintiffs argue in response that their Rule 23 class action counts are not incompatible with a collective action under FLSA and cite a number of district court opinions from this circuit allowing both types of claims to proceed simultaneously. (ECF No. 24, at 15 (citing *Carver v. Velocity Express Corp.*, No. 1:07cv407, 2008 WL 1766629 *1 (W.D.N.C. Apr. 14, 2008); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F.Supp.2d 772, 774 (E.D.N.C. 2001); *Westfall v. Kendle Intern., CPU, LLC*, No. 1:05-cv-00118, 2007 WL 486606 (N.D.W.Va. 2007)). In response to Defendants' Rules Enabling Act argument, Plaintiffs maintain that FLSA's collective action opt-in procedure confers procedural and not substantive rights and thus is not implicated.

## A. Compatibility of Fed.R.Civ.P. 23 and 29 U.S.C. § 216(b)

Pursuant to 29 U.S.C. § 216(b), collective actions are permitted under FLSA. Plaintiffs may invoke § 216(b) to raise FLSA claims on behalf of similarly situated employees, but

---

Action to recover damages sued for under this subchapter may be maintained in any court of competent jurisdiction in the District of Columbia by any 1 or more employees for and on behalf of the employee and other employees who are similarly situated. No employee shall be a party plaintiff to any action brought under this subchapter unless the employee gives written consent to become a party and the written consent is filed in the court in which the action is brought.

unnamed plaintiffs must affirmatively opt-in using a court approved form in order to join the case. *Id.* ("no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in court in which such action is brought"); *see also Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 173 (1989). Congress added the opt-in requirement for collective actions under FLSA in the Portal-to-Portal Act of 1947, "in part responding to excessive litigation spawned by plaintiffs lacking a personal interest in the outcome," *Hoffman-LaRoche*, 493 U.S. at 173, and to free employers of the burdens of representative actions. *Id.* In contrast, in class actions pursuant to Fed.R.Civ.P. 23(b)(3), plaintiffs must affirmatively opt-out in order to be excluded from the class and not bound by the court's decisions.

Defendants argue that because of this difference allowing class actions to proceed simultaneously with § 216(b) collective actions would nullify Congress' intent and create an irreconcilable conflict. (ECF No. 19-1, at 23-24). Defendants explain: "individuals who affirmatively choose not to opt in to the FLSA action will nevertheless be included in a Rule 23 action that will adjudicate factual and legal issues relevant to (and dispositive of) the unasserted FLSA claims." (ECF No. 25, at 17). Additionally, Defendants argue that the "conflict obstructs the protections of § 216(b) and, consequently, serves to preempt a Rule 23 class action." (*Id.*).

District courts that have considered this potential incompatibility have reached different conclusions and no consensus has emerged.[8]    The Fourth Circuit, and most other

---

[8] Although not an exhaustive list, in the following cases district courts have prevented plaintiffs from maintaining FLSA collective actions alongside state law based Rule 23 class actions. *See, e.g., Ellis v. Edward D. Jones & Co., L.P.*, 527 F.Supp. 2d 439, 452 (W.D.Pa. 2007); *De Luna-Guerrero v. N.C. Grower's Ass'n, Inc.*, 338 F.Supp.2d 649, 653 (E.D.N.C. 2004)(declining to exercise supplemental jurisdiction over state law based Rule 23 class actions); *Burkhart-Deal v. Citifinancial, Inc.*, No. 7-1747, 2008 WL 2357735 (W.D.Pa. June 5, 2008)(relying on *Ellis* court's analysis).

A number of the other cases cited by Defendants in support of their position are no longer good law.  The decisions from the Northern District of Illinois were overruled in effect by the Seventh Circuit's decision in *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 977 (7th Cir. 2011).  *See Riddle v Nat'l Sec. Agency, Inc.*, No. 05-5880, 2007 WL 2746597, (N.D.Ill. Sept. 13, 2007) and *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D.Ill. 2004).  Similarly, the decisions in *Rose v. Wildflower Bread Co.* and *Daprizio v. Harrah's Las Vegas, Inc.*, were both vacated on motions for reconsideration.  *Rose v. Wildflower Bread Co.*, No. 09-1348, 2010 WL 1781011 (D.Ariz. May 4, 2010), *vacated by* 2011 WL 196842 (D.Ariz. Jan. 20, 2011); *Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-cv-00604-GMN-RJJ, 2010 WL 3259920 (D.Nev. Aug. 17, 2010), *vacated by* 2010 WL 5099666 *3 (D.Nev. Dec. 7, 2010).

In the following cases, courts have ruled that Rule 23 class actions and § 216(b) collective actions are not incompatible.  *Rose v. Wildflower Bread Co.*, No. 09-1348, 2011 WL 196842 (D.Ariz. Jan. 20, 2011); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F.Supp.2d 772, 774 (E.D.N.C. 2001); *Gardner v. W. Beef Props., Inc.*, No. 07-cv-2345, 2008 WL 2446681 *2 (E.D.N.Y. June 17, 2008); *Bouaphakeo v. Tyson Foods, Inc.*, 564 F.Supp.2d 870, 888 (N.D.Iowa 2008); *Hickton v. Enterprise Rent-A-Car Co.*, No. 07-1687, 2008 WL 4279818 *7 (W.D.Pa. Sept. 12, 2008)("the court at this juncture only holds that the FLSA collective action and the Rule 23 PMWA class action are properly pled together on the face of the complaint, and to the extent that jurisdiction over the Rule 23 claim is based on original jurisdiction under CAFA, the court cannot dismiss that claim.").

circuits, have not directly addressed this issue. The Seventh Circuit recently considered the question, however, and held that an action could combine a Rule 23 class action and § 216(b) collective action and remain consistent with the regime Congress established in the FLSA. *See Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 977 (7th Cir. 2011). The Seventh Circuit firmly rejected the defendant's argument that there was a tension between permitting a plaintiff who ends up a part of the Rule 23 class by her own inaction and the idea that disinterested parties should not be allowed to take advantage of FLSA, explaining:

> . . . such a plaintiff is doing no such thing. She will not be entitled to a single FLSA remedy, because she is not part of the FLSA litigating group. The most that one can say is that her state claim has found its way into federal court under the court's supplemental jurisdiction. But that is a complaint that could be brought in almost every claim that rests on section 1367 jurisdiction. In the case before us, the Rule 23(b)(3) class and the federal collective action are each comprised of a set of employees asserting injuries under either state or federal law. Should either or both groups prevail on the merits, each group member will receive only the relief that is prescribed under the law governing her part of the case. Some may be part of both the FLSA group and the Rule 23 class; some may be in one but not the other. We conclude that there is nothing in the FLSA that forecloses these possibilities.

The *Ervin* decision persuasively illustrates that a collective action under FLSA can be accompanied by a Rule 23 class action asserting state law based claims.

Defendants also fail to set forth a viable procedural justification for the dismissal of Plaintiffs' claims in the event there was an irreconcilable conflict. Plaintiffs have alleged that this court has original jurisdiction over these claims pursuant to the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d)(2); they are not before the court pursuant to supplemental jurisdiction. Accordingly, the court cannot decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and thereby dismiss the claims. Defendants also argue that § 216(b) preempts the Rule 23 class actions, but they do not offer any support for their theory that conflict preemption is applicable in this case. Courts invoke preemption to ensure the supremacy of federal law over conflicting state law; the doctrine is not applicable to alleged conflicts between federal statutes and federal rules.

**B.    Rules Enabling Act**

The Rules Enabling Act, 28 U.S.C. § 2072, ("REA") dictates that rules of practice or procedure "shall not abridge, enlarge or modify any substantive right". Defendants argue that the application of Rule 23 alongside § 216(b) of FLSA would violate the REA because FLSA's opt-in collective action provisions confer substantive rights. (ECF No. 19-1, at 34-35). The

substantive rights that Defendants identify are: (1) that § 216(b) protects employees from unknowing involvement in an FLSA collective action and (2) that § 216(b) places a strict limitation on employer lawsuits, thereby reducing the number and size of FLSA lawsuits that an employer must face. (ECF No. 19-1, at 34)(citing *Ellis*, 527 F.Supp.2d at 458, n.8). Plaintiffs disagree with this characterization and argue that FLSA's collective action provisions, just like Fed.R.Civ.P. 23's class action provisions, are procedural in nature. (ECF No. 24, at 17-18).

Yet again there is little guidance from the circuit courts and the district courts that have considered this issue are divided. As Defendants note, some courts have deemed § 216(b)'s collective action provision to be substantive and thus found that simultaneous application of Fed.R.Civ.P. 23(b)(3) would violate the REA. *See Ellis*, 527 F.Supp.2d at 458. Other courts have determined that having a state law class of opt-out plaintiffs does not abridge, enlarge or modify the rights conferred by FLSA. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 164 (S.D.N.Y. 2008); *Cohen v. Gerson Lehman Group, Inc.*, 686 F.Supp.2d 317, n.2 (S.D.N.Y. 2010); *Lindsay v. Gov't Emp. Ins. Co.*, 448 F.3d 416, 424-225 (D.C.Cir. 2006); *Bouaphekeo*, 564 F.Supp.2d at 886; *Osby v. Citigroup, Inc.*, 2008 WL 2074102 at *4 (W.D.Mo. May 14, 2008); *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726 (M.D.Pa. 2007) (recognizing that

differences between a collective action under FLSA and a state law class action under Rule 23 are procedural).

Again Plaintiffs' position is more persuasive. It makes little sense to classify the opt-out requirement in Fed.R.Civ.P. 23 as procedural but the opt-in requirement of FLSA as substantive. And even if the right to participate in an FLSA collective action were substantive, Plaintiffs have not established that the right would be modified or abridged in any way by permitting a state law opt-out class to proceed simultaneously. On this point, the decision of Judge Crabb in the pending case involving Defendants in the Western District of Wisconsin is instructive:

> the right conferred on an employee by the § 216(b) opt-in requirement is the right not to "be a party plaintiff to [an FLSA collective] action unless he gives his consent in writing to become such a party." 29 U.S.C. § 216(b). The certification of a Rule 23 class does not affect an employee's ability to opt in or not to an FLSA collective action. Thus, such certification does not "abridge, enlarge or modify" the rights conferred by the FLSA, whether those rights are substantive or procedural. *Damassia*, 250 F.R.D. at 164; *see also Guzman* [*v. VLM*], 2008 WL 597186, at *10 [E.D.N.Y. Mar. 2, 2008)](rejecting argument that Rules Enabling Act precludes class action for state law wage claim); *Klein* [*v. Ryan Beck Holdings, Inc.*,], 2007 WL 2059828, at *6 [S.D.N.Y. July 20, 2007)](same). Similarly, the right conferred on an employer by the opt-in requirement is not the expansive right to be free of the burden of representative actions generally, but rather, the right to be free of the burden of representative actions specifically for

> violations of the FLSA. *Klein*[,] 2007 WL
> 2059828, at *6 ("The FLSA guarantees merely
> that all collective actions brought pursuant
> to it be affirmatively opted into. It does
> not guarantee that employers will never face
> traditional class actions pursuant to state
> employment law.") (emphasis in original). By
> its own terms, the FLSA opt-in requirement
> does not confer rights on employers of
> employees with respect to the manner of
> litigation of state law wage claims.
> Accordingly, the Rules Enabling Act presents
> no barrier to proceeding with both claims in
> this action.

*Espenscheid v. DirectSat USA, LLC*, 708 F.Supp.2d 781, 793 (W.D.Wis. 2010).

For these reasons, Plaintiffs' collective and class actions claims are not incompatible. Plaintiffs must still meet the requirements for collective action and class action certification when the time comes and at that time the court will again face the challenges inherent in maintaining both collective and class actions in one suit.

## VI. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted in part and denied in part. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
