IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFRY BUTLER, ET AL.  :

        v.  :  Civil Action No. DKC 10-2747

DIRECTSAT USA, LLC, ET AL.  :

**MEMORANDUM OPINION**

Presently pending in this Fair Labor Standards Act collective action case are five motions for sanctions filed by Defendants based on Plaintiffs' failure to comply with discovery orders. (ECF Nos. 135, 159, 165, 166, and 167). Plaintiffs have not filed responses to any of these motions.[1] The motions will be granted.

First, on January 8, 2013, and then on May 16, 2013, this court issued orders to Plaintiffs to fulfill their discovery obligations. (ECF Nos. 111 and 129). Eight opt-in plaintiffs continue to disregard these orders and have not produced all ordered discovery documents: Luis Aviles, Gary Baker, Michael

---

[1] In the case of Defendants' June 12, 2013 motion (ECF No. 135), Plaintiffs have indicated separately that they do not oppose this motion. (*See* ECF No. 154, at 5-6, Trans. 5:23 – 6:8).

Brown, Christopher Scott, Jarrel Simmons, Joseph Stefanic, Santae Tribble, Jr., and Michael Willett.[2]

Defendants move for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). (ECF No. 135). That rule permits a district court to impose certain punitive measures, up to and including dismissal, on any party who disobeys a discovery order. Fed.R.Civ.P. 37(b)(2)(A). "Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case." 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2289 (3d ed. 2010); *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 518 (D.Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders.").

Defendants specifically ask the court to impose "the most severe in the spectrum of sanctions," dismissal. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). But "[w]hile the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, it is not a discretion without bounds or limits." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quotation marks and brackets omitted). This is particularly so when a party

---

[2] Defendants originally included opt-in plaintiff Christopher Adams, but later withdrew this request. (ECF No. 138, at 2 n.2).

requests the severe penalty of dismissal. *Id.* Thus, a district court should consider four factors in determining what sanctions to impose under Rule 37: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has emphasized the importance of warning a party before dismissing its claim as a discovery sanction. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (noting "the significance of warning a defendant about the possibility of default before entering such a harsh sanction.").

A party's total failure to comply with the mandates of discovery, with no explanation for that failure, can certainly justify this harshest of sanctions. *See, e.g., Warren v. United States,* No. DKC 10-3015, 2011 WL 3608189, at *2-3 (D.Md. Aug. 15, 2011); *CoStar Realty Info., Inc. v. Field,* 737 F.Supp.2d 496, 502 (D.Md. 2010). Interrogatories, document requests, and depositions are important elements of discovery; a defendant would be hard-pressed to conduct its case without them. When a plaintiff refuses to respond to such requests, it can have a

debilitating effect on the rest of the litigation. "If a party served with interrogatories fails to answer them on time, or at all, . . . such action can have a spiraling effect on the future scheduling of discovery, and inject into the litigation collateral disputes which typically require the intervention of the court to resolve." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.,* 173 F.R.D. 651, 653 (D.Md. 1997). Likewise, a failure to respond to a request for production of documents "frequently derails the discovery process, because parties often wait to schedule depositions until after document production has occurred." *Id.* at 655.

Dismissal is appropriate for these eight opt-in Plaintiffs. Over the course of many months, these opt-in plaintiffs have been ordered multiple times to fulfill their discovery obligations and have failed to do so. Plaintiffs' attorneys have provided no explanation for these failures nor opposed the sanctions sought. Defendants' motion will be granted and the opt-in plaintiffs will be dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute or comply with a court order.

Opt-in Plaintiff Art Vincent joined this litigation by filing a consent form on May 25, 2012. (ECF No. 75-1). In an email dated September 30, 2013, Plaintiffs' counsel indicated that Mr. Vincent had withdrawn from the lawsuit. (ECF No. 159-

1). Defendants request Mr. Vincent be dismissed with prejudice, which they represent is unopposed by Plaintiffs. Plaintiffs have not filed an opposition to this motion. Accordingly, Defendants' motion will be granted and Mr. Vincent will be dismissed with prejudice.

Opt-in Plaintiffs Philip Starkey, Maurice Payne, Sharee Stephens joined this litigation by filing a consent form on May 11, 2012, June 1, 2012, and June 29, 2012, respectively. (ECF Nos. 72-1, 78-1, 86-1). In a paperless order dated August 12, 2013, Magistrate Judge Jillyn K. Schulze denied Plaintiff's request to limit depositions and permitted Defendant to take a deposition of each opt-in Plaintiff, limited to one hour each, to be completed by November 15, 2013. (ECF No. 153). The deadline for fact discovery was subsequently extended to December 30, 2013. (ECF No. 177). On September 3, 2013, Plaintiffs' counsel informed their counterparts that Mr. Payne would appear for a deposition on September 30, 2013 at 8:00 am and Ms. Stephens would appear on September 30, 2013 at 2:00 pm. (ECF No. 165-1, 166-2). Defendants' counsel issued a notice of these depositions to Plaintiffs' counsel the next day. (ECF Nos. 165-2 and 166-2). When the appointed hour came, neither Mr. Payne nor Ms. Stephens appeared for their depositions. (*See* ECF Nos. 165-4, 166-3).

As for Mr. Starkey, Plaintiffs' counsel did not list him among their list of depositions' times on September 3, 2013. The next day, Defendants' counsel responded by requesting that Plaintiffs' counsel inform them by the end of the week as to when and where Mr. Starkey will be available. (ECF No. 167-2). Plaintiffs' counsel did not respond, a fact noted by Defendants' counsel in an email dated September 7, 2013. On September 16, 2013, Defendants had still not received word on the date and time of Mr. Starkey's deposition, and they sent Plaintiffs' counsel another request. (ECF No. 167-4). Plaintiffs' counsel responded the next day, stating that they were "still working on" Mr. Starkey. (ECF No. 167-5). On September 18, 2013, Defendants' counsel wrote that if they are not given a date and time for Mr. Starkey by the end of the week they will send a final deposition notice for him to appear in Silver Spring, Maryland on a date when they were already taking depositions. (ECF No. 167-6). Two days later, after not hearing anything, Defendants issued a deposition notice for Mr. Starkey for October 4, 2013 at 3:30 pm. (ECF No. 167-8). Mr. Starkey failed to appear for his deposition. At the deposition, Plaintiffs' counsel indicated that they had been in contact with Mr. Starkey about scheduling but they had not heard back from him on possible dates. (ECF No. 167-11).

Defendants move to dismiss with prejudice opt-in Plaintiffs Starkey, Payne, and Stephens for failure to fulfill their discovery obligations by not appearing at their depositions. Judge Schultze provided Defendants the opportunity to depose each opt-in Plaintiff for one hour. These three Plaintiffs failed to cooperate. Plaintiffs have provided no explanation for the absences and have not filed oppositions to Defendants' motions. This is not the first instance of one or more opt-in Plaintiffs failing to participate in discovery and Plaintiffs have been put on notice that such failures could result in dismissal. Accordingly, opt-in Plaintiffs Starkey, Payne, and Stephens will be dismissed with prejudice.

                                      /s/
                            DEBORAH K. CHASANOW
                            United States District Judge